IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.:

JUAN BALLE-TUN,
ENRIQUE TUN-HAU, and
VICTOR MANUEL CEMÉ-CHÁN,

  Plaintiffs,

v.

ZENG & WONG, INC.
d/b/a PARADISE ASIAN CAFE,

  Defendant.

---

**COMPLAINT FOR UNPAID WAGES**

---

  Plaintiffs, by and through undersigned counsel, file this Complaint for Unpaid Wages against the above-named Defendant.

**STATEMENT OF THE CASE**

1. Plaintiffs were formerly employed by Defendant to work long hours for low wages in the kitchen of Defendant's restaurant located in Aurora, Colorado.

2. Defendant failed to pay these employees overtime premiums for overtime hours worked. Defendant also failed to provide the Plaintiffs with required paid rest periods during their shifts.

3. Defendant thus violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the Colorado Minimum Wage Order ("MWO"), 7 C.C.R. 1103-1, the Colorado Minimum Wage Act ("MWA"), C.R.S. § 8-6-101, *et. seq.* and the Colorado Wage Claim Act ("CWCA"), C.R.S. § 8-4-101 *et. seq.*

4. Defendant violated the FLSA because that Act requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek.

5. Defendant violated the Colorado Minimum Wage Act ("MWA") as implemented by the Colorado Minimum Wage Order ("MWO") because they require employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek; and because they require employers to provide their employees with compensated, ten-minute rest periods for each four-hour work period.

6. Defendant violated the Colorado Wage Claim Act ("CWCA") because that Act requires employers to pay employees all wages or compensation earned, vested, determinable and unpaid upon their separation from employment.

7. Defendant also regularly paid a portion of the amounts paid to Plaintiffs Enrique Tun-Hau and Victor Manuel Cemé-Chán as wages in cash and concealed those cash payments from the Internal Revenue Service when submitting Forms W2 and W3 reporting wages paid to those Plaintiffs.  Defendant submitted such fraudulent information returns concerning the work of Plaintiffs Enrique Tun-Hau and Victor Manuel Cemé-Chán on multiple occasions, annually and throughout their employment.

8. Defendant thus violated 26 U.S.C. § 7434's prohibition of willfully filing fraudulent information returns.

9. This case concerns compensation for work performed between November 18, 2015 and October 16, 2021.

**PARTIES, JURISDICTION, AND VENUE**

10. Plaintiff Juan Balle-Tun was employed by Defendant from approximately January of

2015 through approximately September of 2019 and again from approximately April, 2019 through October 16, 2021. Plaintiff Balle-Tun's signed FLSA Consent to Sue Form is attached to this Complaint as Exhibit 1.

11. Plaintiff Enrique Tun-Hau was employed by Defendant from approximately 2014 through September of 2016. Plaintiff Tun-Hau's signed FLSA Consent to Sue Form is attached to this Complaint as Exhibit 2.

12. Plaintiff Victor Manuel Cemé-Chán was employed by Defendant from approximately 2016 through March of 2018. Plaintiff Cemé-Chán's signed FLSA Consent to Sue Form is attached to this Complaint as Exhibit 3.

13. Defendant Zeng & Wong, Inc. is a registered Colorado corporation with a principal street address of 6180 S. Gun Club Road, Unit L-1, Aurora, CO 80016.

14. Paradise Asian Café is a trade name registered to Zeng & Wong, Inc.

15. At all times relevant to this action, Defendant operated a restaurant located at 6180 S. Gun Club Road, Aurora, CO 80016 and doing business as Paradise Asian Café.

16. Defendant employed the Plaintiffs to work at Paradise Asian Café.

17. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the FLSA, 29 U.S.C. §§ 201 *et seq.* and under 26 U.S.C. § 7434.

18. Plaintiffs request that this Court exercise supplemental jurisdiction over their state law claims arising under the MWA, the MWO and the CWCA. 28 U.S.C. § 1367.

19. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because all the events and omissions giving rise to the claims occurred in the District of Colorado.

## FACTUAL ALLEGATIONS

20. Defendant employed the Plaintiffs as kitchen workers at Defendant's Paradise Asian Café, located in Aurora, Colorado. They prepared food, washed dishes, cleaned the kitchen, worked the deep fryer and performed other kitchen duties.

21. The Plaintiffs performed labor for the benefit of Defendant wherein Defendant commanded when, where, and how much labor Plaintiffs were to perform.

22. In 2018, 2019, 2020 and 2021, Defendant's annual gross volume of sales made or business done was not less than $500,000.00.

23. Defendants scheduled, directed and controlled the work of Plaintiffs and others.

24. Though Plaintiffs regularly worked more than 40 hours each workweek, Defendant refused to pay them overtime premiums for overtime hours worked.

25. From 2015 through September of 2019, Plaintiff Juan Balle-Tun worked a regular schedule of six days per week totaling 48 weekly hours of work. He was not paid overtime premiums for the approximately 8 hours beyond 40 he worked each workweek.

26. From 2014 through September of 2016, Plaintiff Enrique Tun-Hau worked a regular schedule of six days per week totaling 48 weekly hours of work. He was not paid overtime premiums for the approximately 8 hours beyond 40 he worked each workweek.

27. From 2016 through March of 2018, Plaintiff Victor Manuel Cemé-Chán worked a regular schedule of six days per week totaling 48 weekly hours of work. He was not paid overtime premiums for the approximately 8 hours beyond 40 he worked each workweek.

28. Rather than pay their kitchen employees overtime premiums, Defendant paid them low salaries which yielded hourly rates between $14.00 and $18.00 per hour, with no increase for

overtime hours worked.

29. Through their employment, Defendant failed to provide the Plaintiffs with mandatory, compensated 10-minute break periods for each 4-hour work period. 7 C.C.R.1103-1 ¶5.2.

30. Defendants did not supplement the pay given the Plaintiffs for denial of required, compensated rest breaks. 7 C.C.R. 1103-1 ¶ 5.2.4.

31. When the Plaintiffs and others were required to work through their ten-minute rest periods, their shifts were effectively extended by 10 minutes for each four hours of duration. Defendant's failure to authorize and permit required, compensated, duty-free rest periods was a failure to compensate the Plaintiffs. 7 C.C.R. 1103-1 ¶ 5.2.4.

32. Each year relevant to this action, the Plaintiffs handled foodstuffs, cleaning materials, restaurant equipment, plates, silverware and other materials which moved in interstate commerce.

33. From 2014 through 2016, the Defendant paid part of the monthly salary paid to Plaintiff Enrique Tun-Hau by check. Defendant paid the remainder of the monthly salary paid to Plaintiff Enrique Tun-Hau in cash. For tax years 2014, 2015 and 2016, Defendant filed Form W2 and W3 information returns with the IRS which fraudulently omitted the portion of Plaintiff Tun-Hau's salary which was paid in cash in its report of wages.

34. From 2016 through 2018, the Defendant paid part of the monthly salary paid to Plaintiff Victor Manuel Cemé-Chán by check. Defendant paid the remainder of the monthly salary paid to Plaintiff Victor Manuel Cemé-Chán in cash. For tax years 2016, 2017 and 2018 Defendant filed Form W2 and W3 information returns with the IRS which fraudulently omitted the portion of Plaintiff Tun-Hau's salary which was paid in cash in its report of wages.

### COUNT I – Failure to Pay Overtime Premiums
### Violation of the FLSA (29 U.S.C. § 201 *et seq.*)

35. Plaintiffs repeat and reallege each of the allegations contained in ¶¶ 1-34 above as if fully set forth herein.

36. This Count is asserted by Plaintiff Juan Balle-Tun. This Count is not asserted by Plaintiffs Enrique Tun-Hau nor Victor Manuel Cemé-Chán.

37. Plaintiff was an "employee" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

38. Defendant "employed" the Plaintiff as that term is defined by the FLSA. 29 U.S.C. § 203(g).

39. Defendant was Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

40. Defendant employed the Plaintiff in an enterprise "engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

41. Defendant violated the FLSA when it failed to pay the Plaintiff overtime premiums for hours worked beyond forty in each given workweek. 29 U.S.C. § 207.

42. Defendant's violations of the FLSA were willful. 29 U.S.C. § 255(a).

43. Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

44. Plaintiff is entitled to recover unpaid overtime premiums, liquidated damages, attorney's fees and costs. 29 U.S.C. § 216(b).

### COUNT II – Failure to Pay Overtime Premiums and Denied Rest Breaks
### Violation of Colorado Minimum Wage Orders, 7 CCR 1103-1

45. Plaintiffs repeat and reallege each of the allegations contained in ¶¶ 1-34 above as if

fully set forth herein.

46. All Plaintiffs assert this claim against Defendant.

47. This Count seeks the recovery of unpaid minimum and overtime wages arising from work performed between November 18, 2015 and October 16, 2021.

48. Defendant was Plaintiffs' "employer" as that term is defined by each of the annual Colorado Minimum Wage Orders in effect between November 18, 2015 and October 16, 2021.[1]

49. Defendant suffered or permitted the Plaintiffs to work and acted directly or indirectly in the interests of an employer in relation to the Plaintiff employees.  7 C.C.R. 1103-1¶ 1.6(A).

50. Plaintiffs were Defendants' "employees" as that term is defined by the COMPS Order because they performed labor for the benefit of Defendants in which Defendants commanded when, where, and how much labor or services would be performed, and exercised control over the Plaintiffs, who performed the primary work of the employer.  7 C.C.R. 1103-1 ¶ 1.5(A).

51. At all times relevant to this action, Defendant operated a restaurant that prepared and offered for sale food or beverages for consumption either on or off the premises.

52. Defendants employed the Plaintiffs and others in an industry regulated by Wage Orders # 31 through 35.  7 C.C.R. 1103-1 ¶ 2(C).

53. Defendant employed the Plaintiffs and others in an industry regulated by Colorado Minimum Pay and Overtime Standards Orders ("COMPS") 36 and 37.

54. Defendant violated the COMPS Order and predecessor Colorado Minimum Wage Orders when it failed to pay the Plaintiffs overtime premiums for hours worked over forty in each given workweek.  7 CCR 1103-1¶ 4.1.1(A).

---

[1] Effective March 16, 2020 the Minimum Wage Order published annually at 7 CCR 1103-1 was renamed the Colorado Overtime And Minimum Pay Standards ("COMPS") Order.  The material rest break and overtime requirements of the version of 7 CCR 1103-1 published for each year at issue here were the same.

55. Defendant violated the COMPS Order and predecessor Colorado Minimum Wage Orders when it failed to authorize and permit the Plaintiffs and others to take compensated ten-minute rest periods for each four hours (or major fractions thereof) worked. 7 CCR 1103-1 ¶¶ 5.2.3, 5.2.4.

56. As a result, the Plaintiffs suffered lost wages and lost use of those wages in an amount to be determined at trial.

57. Plaintiffs are entitled to recover in this civil action the unpaid balance of the full amount of minimum and overtime wages they are owed, together with reasonable attorney fees and court costs. 7 C.C.R. 1103-1 ¶8.1(A).

### COUNT III – Failure to Pay Overtime Premiums and Denied Rest Breaks
### Violation of the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et. seq.*

58. Plaintiff repeats and realleges each of the allegations contained in ¶¶ 1-34 and 45-57 above as if fully set forth herein.

59. All Plaintiffs assert this claim against Defendant.

60. This Count seeks the recovery of unpaid minimum and overtime wages arising from work performed between November 18, 2015 and October 16, 2021.

61. When Defendant failed to make payments in compliance with the COMPS Order and predecessor Colorado Minimum Wage Orders, 7 CCR 1103-1, it failed to pay the minimum wages fixed by the director pursuant to Title 8, Article 6 of the Colorado Revised Statutes. C.R.S. § 8-6-116(1).

62. Defendant's failure to make payments required by the COMPS Order and predecessor Colorado Minimum Wage Orders violated the Colorado Minimum Wage Act. C.R.S. § 8-6-116(1).

63. As a result of Defendant's violations of law, Plaintiffs suffered lost wages and lost

use of those wages in an amount to be determined at trial.

64. Plaintiffs are entitled to recover in this civil action the unpaid balance of the full amount of wages owed, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118.

### COUNT IV – Failure to Pay Earned, Vested and Determinable Wages Due Upon Separation
### Violation of Colorado Wage Claim Act C.R.S. § 8-4-109

65. Plaintiffs repeat and reallege each of the allegations contained in ¶¶ 1-57 above as if fully set forth herein.

66. This Count is asserted by Plaintiff Juan Balle-Tun. This Count is not asserted by Plaintiffs Enrique Tun-Hau and Victor Manuel Cemé-Chán.

67. Plaintiff Juan Bale-Tun is a former employee of Defendant. He separated from employment by Defendant in September of 2019 and again in October of 2021.

68. This Count seeks the recovery of unpaid minimum and overtime wages, liquidated damages and penalties arising from work performed between November 18, 2018 and October 16, 2021.

69. Defendant was Plaintiff's "employer" as that term is defined by the CWCA, because they suffered or permitted Plaintiff Balle-Tun to work and acted directly or indirectly in the interests of an employer in relation to the Plaintiff employee. C.R.S. § 8-4-101(6).

70. Plaintiff was Defendant's "employee" as that term is defined by the CWCA, because he performed labor for the benefit of Defendants in which Defendants commanded when, where, and how much labor or services would be performed, and exercised control over the Plaintiff, who performed the primary work of the employer. C.R.S. § 8-4-101(5).

71. Defendant employed the Plaintiff in an industry regulated by Wage Orders # 34 and

35.  7 C.C.R. 1103-1 ¶ 2(C).

72.  Defendant employed the Plaintiff in an industry regulated by COMPS Orders 36 and 37.

73.  The applicable COMPS Orders and predecessor Colorado Minimum Wage Orders required Defendant to pay the Plaintiff overtime premiums for hours worked over forty in each given workweek. 7 CCR 1103-1¶ 4.1.1(A). Defendants failed to make these payments.

74.  The applicable COMPS Order and predecessor Colorado Minimum Wage Orders required Defendants to authorize and permit the Plaintiff to take compensated ten- minute rest periods for each four hours (or major fractions thereof) worked. 7 CCR 1103-1 ¶¶ 5.2.3, 5.2.4. Defendants failed to permit or compensate such break time.

75.  Defendant failed to compensate Plaintiff Juan Balle-Tun for the earned, vested and determinable wages or compensation recited above at the time of his separation from employment. C.R.S. § 8-4-109.

76.  As a result, the Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

77.  Plaintiff is entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to them, any statutory penalties due, and any costs or attorney's fees due. C.R.S. § 8-4-109; C.R.S. § 8-4-110.

### COUNT V – Willful Filing of Fraudulent Information Returns
### Violation of 26 U.S.C. § 7434

78.  Plaintiffs repeat and reallege each of the allegations contained in ¶¶ 1-34 above as if fully set forth herein.

79.  This Count is asserted by Plaintiffs Enrique Tun-Hau and Victor Manuel Cemé-Chán. This Count is not asserted by Plaintiff Juan Balle-Tun.

80. Defendant willfully filed fraudulent information returns with respect to payments made to Plaintiffs.

81. Plaintiffs do not assert a claim for actual damages.

82. Defendant is liable to Plaintiffs in an amount equal to $5,000.00 per violation. 26 U.S.C. § 7434(b).

83. Plaintiffs have contemporaneously served the Internal Revenue Service with a copy of this complaint upon filing the same with this Court. 26 U.S.C. § 7434(d).

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury of all counts to which a right to trial by jury pertains.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that:

As to his Count I claim brought under the FLSA, Plaintiff Juan Bale-Tun respectfully requests an Order from the Court that:

a. Plaintiff be awarded unpaid overtime premiums;

b. Plaintiff be awarded liquidated damages as required by law;

c. Plaintiff be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

d. Plaintiff be awarded such other and further relief as may be necessary and appropriate.

As to their Count II Claim brought under the Colorado Overtime and Minimum Pay Standards Order and predecessor Colorado Minimum Wage Orders, Plaintiffs respectfully request an Order from the Court that:

    a. Plaintiffs be awarded the unpaid balance of the full amount of minimum and overtime wages owed to them and any costs or attorney's fees due.  7 CCR 1103-1 ¶8.1(A).

    b. Plaintiffs be awarded such other and further relief as may be necessary and appropriate.

As to their Count III Claim brought under the Colorado Minimum Wage Act, Plaintiffs respectfully request an Order from the Court that:

    a. Plaintiffs be awarded the unpaid balance of the full amount of minimum and overtime wages owed to them and any costs or attorney's fees due. C.R.S. § 8-6-118.

    b. Plaintiffs and others be awarded such other and further relief as may be necessary and appropriate.

As to their Count IV Claim brought under the Colorado Wage Claim Act, Plaintiff Juan Balle-Tun respectfully requests an Order from the Court that:

    a. Plaintiff be awarded the unpaid balance of the full amount of wages or compensation owed to him, any statutory penalties due, and any costs or attorney's fees due.  C.R.S. § 8-4-109; C.R.S. § 8-4-110.

    b. Plaintiff be awarded such other and further relief as may be necessary and appropriate.

As to their Count V Claim brought under 26 U.S.C. §7434, Plaintiffs Enrique Tun-Hau and Victor Manuel Cemé-Chán respectfully request an Order from the Court that:

    a. Plaintiffs Enrique Tun-Hau and Victor Manuel Cemé-Chán be

awarded an amount equal to $5,000.00 per violation.  26 U.S.C. § 7434(b).


**Respectfully Submitted,**


*/s/ Andrew H. Turner*
Andrew H. Turner
CO Atty. Reg. #43869
MILSTEIN TURNER, PLLC
1490 Lafayette St. #304
Denver, CO. 80218
(303) 305-8230
andrew@milsteinturner.com

*Counsel for Plaintiffs*