IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-03106-NRN

JUAN BALLE-TUN,
ENRIQUE TUN-HAU, and
VICTOR MANUEL CEMÉ-CHÁN,

Plaintiffs,

v.

ZENG & WONG, INC.
d/b/a PARADISE ASIAN CAFE,

Defendant.

---

**ORDER ON
PARTIAL MOTION TO DISMISS ALL CLAIMS BROUGHT BY PLAINTIFFS ENRIQUE TUN-HAU AND VICTOR CEMÉ-CHÁN
(Dkt. #10)**

---

**N. Reid Neureiter
United States Magistrate Judge**

This case is before the Court upon the consent of the parties (Dkt. #9) and pursuant to an Order of Reference (Dkt. #11) entered by Chief Judge Philip A. Brimmer on January 21, 2022. The matter pending before the Court is Defendant Zeng & Wong, Inc.'s ("Defendant") Partial Motion to Dismiss all Claims Brought by Plaintiffs Enrique Tun-Hau and Victor Cemé (the "Partial Motion to Dismiss"). (Dkt. #10.) Plaintiffs filed a response to the Partial Motion to Dismiss on February 18, 2022 (Dkt. #14) and Defendant filed its reply on March 4, 2022. (Dkt. #18.) The Court heard argument on March 18, 2022. (*See* Dkt. #22, Courtroom Minutes.)

1

The Court has taken judicial notice of the Court's file and considered the applicable Federal Rules of Civil Procedure and case law. Now, being fully informed and for the reasons discussed below, it is hereby ORDERED that Defendant's Partial Motion to Dismiss is GRANTED.

## BACKGROUND

This is a wage and hour dispute. In relevant part, Plaintiffs allege that Defendant failed to pay overtime premiums and denied rest breaks in violation of the relevant Colorado Minimum Wage Orders (MWO)[1] and Colorado Overtime and Minimum Pay Standards Orders ("COMPS Order")[2] (Count II), 7 Colo. Code Regs. 1103-1, and the Colorado Minimum Wage Act ("CMWA"), Colo. Rev. Stat. § 8-6-101 (Count III). For the purposes of the motion to dismiss, the Court accepts as true the allegations that Mr. Tun-Hau and Mr. Cemé-Chán have not worked for Defendant since September 2016 and March 2018, respectively. (Dkt. #1 at 4, ¶¶ 26–27.) Defendant moves for dismissal of these claims with respect to Plaintiffs Mr. Tun-Hau and Mr. Cemé-Chán under Rule 12(b)(6), arguing that their claims are time-barred.[3]

---

[1] In January 2020, the Colorado Department of Labor and Employment Division of Labor Standards and Statistics ("CLDE DLSS") changed the name of its rules from MWO to COMPS Order but maintained the numbering used. *See* CDLE DLSS, Statement of Basis, Purpose, Specific Statutory Authority, and Findings, COMPS Order #36 at 1–3 (January 22, 2020).

[2] According to Plaintiffs, MWOs #31–#35 and COMPS Orders #36–#37 apply to Plaintiffs' claims. The current and prior versions of these orders are available online on CDLE DLSS website, https://cdle.colorado.gov/laws-regulations-guidance, as well as the Secretary of State website, https://www.sos.state.co.us/CCR/DisplayRule.do?action=ruleinfo&ruleId=2509.

[3] Defendant does not seek dismissal of this claim with respect to Plaintiff Juan Balle-Tun.

Plaintiffs also assert a claim for willful filing of fraudulent information returns in violation of 26 U.S.C. § 7434 (Count V).[4] Defendant seeks dismissal of this claim with respect to all Plaintiffs, arguing that § 7434 does not apply to claims of underreported wages, so Plaintiffs have failed to state a claim under Rule 12(b)(6).[5] Defendant also argues that, even if § 7434 does apply, the allegations in the Complaint do not sufficiently plead fraud. Finally, Defendant argues that the Court lacks jurisdiction over this claim under Rule 12(b)(1) because Plaintiffs have not plead any actual damages, and thus lack standing to pursue their claims.

## LEGAL STANDARDS

**I.      Fed. R. Civ. P. 12(b)(6)**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts must accept well-pled allegations as true, purely conclusory statements are not entitled to this presumption. *Id.* at 678, 681. So long as the plaintiff pleads sufficient factual allegations such that the right to relief

---

[4] Counts I and IV are asserted only by Plaintiff Juan Balle-Tun and are not at issue in the Partial Motion to Dismiss.

[5] The title of Partial Motion to Dismiss would suggest that Defendant seeks dismissal of only Mr. Tun-Hau and Mr. Cemé-Chán's claims under 26 U.S.C. § 7434, but the body of the motion clarifies that Defendant's arguments apply with equal force to Mr. Juan Balle-Tun's claim.

crosses "the line from conceivable to plausible," he has met the threshold pleading standard. *Twombly*, 550 U.S. at 556, 570.

## II.     Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case; rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). Rule 12(b)(1) motions generally take one of two forms: a facial attack or a factual attack. When reviewing a facial attack on a complaint pursuant to Rule 12(b)(1), the Court accepts the allegations of the complaint as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a factual attack on a complaint supported by affidavits and other documents, the Court makes its own factual findings and need not convert the motion to one brought pursuant to Rule 56 of the Federal Rules of Civil Procedure. *Id.* at 1003.

Defendant mounts a facial attack against the Court's subject matter jurisdiction, arguing that Plaintiff's lack standing under Article III to pursue their claims. "[T]he term 'standing' subsumes a blend of constitutional requirements and prudential considerations." *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). To establish standing under Article III of the United States Constitution, a plaintiff must show: (1) that he or she has personally suffered an injury in fact; (2) that the injury is fairly traceable to the challenged action of

4

the defendant; and (3) that it is likely, not merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992).

## ANALYSIS

### I. Mr. Tun-Hau and Mr. Cemé-Chán's claims for failure to pay overtime premiums and denial of rest breaks are time-barred.

Mr. Tun-Hau and Mr. Cemé-Chán have not worked for Defendant since September 2016 and March 2018, respectively. (Dkt. #1 at 3, ¶¶ 11–12.) This lawsuit was not filed until November 18, 2021, more than five years after Mr. Tun-Hau stopped working for Defendant and more than three years after Mr. Cemé-Chán stopped working for Defendant. The CMWA (which is implemented through the relevant MWOs and COMPS Orders) does not contain its own statute of limitations. Further, the applicable MWOs and COMPS Orders do not expressly provide a statute of limitations for bringing a private right of action.

Defendant argues that the two- or three-year statute of limitations provision of the Colorado Wage Claim Act ("CWCA") applies and bars these claims. This provision provides: "All actions brought pursuant to this article shall be commenced within two years after the cause of action accrues and not after that time; except that all actions brought for a willful violation of this article shall be commenced within three years after the cause of action accrues and not after that time." Colo. Rev. Stat § 8-4-122.[6]

Plaintiffs argue that, by its own terms, § 8-4-122 does not apply to claims arising from the CMWA and MWOs/COMPs Orders. Section 8-4-122 is part of the CWCA,

---

[6] Alternatively, Defendant argues the general two-year statute of limitations supplied by § 13-80-102(i) applies. Because the Court finds that § 8-4-122 applies, it does not reach this argument.

codified in article 4 of Title 8 of the Colorado Revised Statutes. The CMWA, by contrast, is codified in article 6 of Title 8. Thus, where § 8-4-22 says it applies to actions "*pursuant to this article*"—meaning article 4—it necessarily excludes actions brought under article 6. Plaintiffs argue that the six-year statute of limitations to recover an unliquidated, determinable amount of money applies. *See* Colo. Rev. Stat. § 13-80-103.5(1)(a) (applying six-year statute of limitations to "[a]ll actions to recover a liquidated debt or an unliquidated, determinable amount of money due to the person bringing the action").

The Court starts with the principle that "[i]t is the nature of the right sued upon and not the form of action or the relief demanded, which determines the applicability of a particular statute of limitations." *McDowell v. U.S.*, 870 P.2d 656, 661 (Colo. App. 1994) (quoting *Assoc. of Owners v. Otte*, 550 P.2d 894, 896 (Colo. App. 1976)). When determining which of two possibly applicable statutes of limitations applies, the Colorado Supreme Court instructs that courts consider the following rules of statutory construction: (1) a later enacted statute should be applied over an earlier enacted statute; (2) the more specific of two applicable statutes should be applied; and (3) the longer of two applicable statutes should be applied." *Reg'l Transp. Dist. v. Voss*, 890 P.2d 663, 668 (Colo. 1995) (citing *Dawson v. Reider*, 872 P.2d 212, 214 (Colo. 1994)). However, the third rule is the "rule of last resort," *BP Am. Prod. Co. v. Patterson*, 185 P.3d 811, 814 (Colo. 2008), and the Court refers to it as such herein.

The Colorado Supreme Court has also explained:

> The legislature itself instructs us that in enacting a statute, it must be presumed to have intended that the entire statute be effective. § 2–4–201(b), C.R.S. (2007). Furthermore, a provision existing as part of a comprehensive statutory scheme must be understood, when possible, to

> harmonize the whole. *Frank M. Hall & Co. v. Newsom,* 125 P.3d 444, 448 (Colo. 2005); *cf. Walgreen Co. v. Charnes,* 819 P.2d 1039, 1043 (Colo. 1991) ("City charters and ordinances pertaining to the same subject matter are to be construed in pari materia to ascertain legislative intent and to avoid inconsistencies and absurdities."). The legislature is also presumed to intend that the various parts of a comprehensive scheme are consistent with and apply to each other, without being required to incorporate each by express reference in the other. *See Martinez v. People,* 69 P.3d 1029, 1033 (Colo. 2003); *see generally* 2B Norman J. Singer, *Sutherland Statutory Construction,* § 51.02, at 188 (6th ed. 2000) ("Provisions in one act which are omitted in another on the same subject matter will be applied when the purposes of the two acts are consistent.").

*Id.* at 813; *see also Yuma Cnty. Bd. of Equalization v. Cabot Petroleum Corp.*, 856 P.2d 844, 849 (Colo. 1993) ("We construe statutes related to the same subject matter in pari materia, in order to give consistent, harmonious, and sensible effect to all of their parts.") (citations omitted).

With this guidance in mind, the Court concludes that the two-year statute of limitations set forth in § 8-4-122 applies to Mr. Tun-Hau and Mr. Cemé-Chán's claims for overtime wages and meal breaks. First, Mr. Tun-Hau and Mr. Cemé-Chán seek to enforce their rights related to unpaid wages for overtime and rest breaks. As one Colorado trial court has noted with respect to overtime pay, "this is the type of claim that the [CWCA] is designed to address." *Schroetlin v. Alpine Disposal Inc.*, Case No. 2020CV31813 (Colo. Dist. Ct. January 29, 2021) (citing *Hernandez v. Ray Domenico Farms, Inc.*, 414 P.3d 700, 704–705 (Colo. 2018)). "While Plaintiff may be seeking, more generally stated, to recover liquidated debts or determinable amounts of money, the WCA is more specifically tailored to this situation. As such, the rule of last resort does not apply." *Id.*; *see also Sayers v. Liberty Oilfield Servs.*, 2020CV30168 (Colo. Dist. Ct. April 20, 2021) (adopting reasoning in *Schroetlin* and finding that rule of last resort does not apply). *But see Keck v. Redrock Foods, Ltd. Co.*, 2020CV30002 (Colo.

7

Dist. Ct. July 13, 2021) (finding that § 13-80-103.5(1) was the applicable statute of limitations for plaintiff's claim for missed meal and rest breaks).

Regardless of whether a claim arises under the CWCA or the CMWA, the purpose of the action is to recover some form of allegedly unpaid wages. Applying the statute of limitations in § 8-4-122 harmonizes the CWCA and CMWA, which are part of the same statutory scheme and should be construed in pari materia. Allowing a plaintiff to reach back only two or three years for wage claims under the CWCA, but six years for minimum wage claims under the CMWA, is illogical. Such a holding would apply different statutes of limitations based on the form of action or remedy sought, rather than the nature of the right to be enforced. *See McDowell*, 870 P.2d at 661.

The Court's conclusion is bolstered by the fact that the relevant MWOs and COMPS Orders require employers to keep payroll records for three years. *See e.g.*, Section 12, MWO #35; Rule 7.3, COMPS Order #37. In *Hernandez*, the Colorado Supreme Court held that claims to recover regular wages (as opposed to wages or compensation that do not become earned, vested, or determinable until separation) must be brought within two to three years of when the wages became due and payable. *Hernandez,* 414 P.3d at 704. In support of its conclusion, the court noted that the CWCA included a requirement that employers keep employment records for at least three years. *Id.* at 705 (citing Colo. Rev. Stat. § 8-4-103(4.5)). The court explained, "The fact that this record-keeping period matches the maximum period of liability under the statute of limitations supports our conclusion that the General Assembly intended that a terminated employee could reach back no further than three years for wages that had been previously unpaid." *Id.* So too here. Requiring employers to keep records for a

maximum of three years, but allowing plaintiffs to reach back even further, makes little sense.

The Colorado Supreme Court also noted that its ruling was grounded in the legislative history:

> Section 122's statute of limitations was added in 1986 to "bring[ ] our laws into compliance with where the Federal Fair Labor Act is." Hearings on H.B. 86-1231 before the H. Business Affairs and Labor Comm., 55 Gen. Assemb., 2d Sess. (Feb. 11, 1986). The FLSA's statute of limitations utilizes the same two- or three-year framework as section 122. See 29 U.S.C. § 255(a) (2012) ("Any action ... may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.").

*Id.* If plaintiffs were permitted to bring their wage claims more than two or three years after the wages first became due and payable, the CWCA "would revive time-barred FLSA claims since Plaintiffs' Colorado claims are directly tied to their claim to overtime under the FLSA. Instead of bringing Colorado's laws 'into compliance' with federal law, the state laws would be in direct tension with federal standards." *Id.*

The Court finds this reasoning persuasive in the present matter as well. The CMWA governs minimum wages under state law just as the FLSA does under federal law. The FLSA allows only two or three years for plaintiffs to bring their minimum wage claims. Thus, as the Colorado Supreme Court did in *Hernandez*, this Court finds that the FLSA's statute of limitations regime supports the application of a two- to three-year statute of limitations—a conclusion that avoids any "direct tension" with federal standards.

The Court acknowledges that this ruling departs from the reasoning of Judge Raymond P. Moore in *Sobolewski v. Boselli & Sons, LLC*, 342 F. Supp. 3d 1178, 1184

(D. Colo. 2018), and applied by Judge Christine M. Arguello in *Cordova-Gonzalez v. Tw Lath-N-Stucco, Inc.*, No. 21-CV-01617-CMA-KMT, 2021 WL 5086065, at *2 (D. Colo. Nov. 2, 2021) (denying request to certify statute of limitations question to Colorado Supreme Court by summarily adopting Judge Moore's reasoning in *Sobolewski*). But these cases are not binding on this court. *Doe. v. Univ. of Colo.*, 255 F. Supp. 3d 1064, 1085 (D. Colo. 2017) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." (quoting *Camreta v. Greene*, 563 U.S. 692, 714 n.7 (2011))).

In *Sobolewski*, Judge Moore relied on the rule of last resort to find that the longer, six-year statute of limitations of § 13-80-103.5(1)(a) to the plaintiff's meal and rest period claims. 342 F. Supp. 3d at 1189. But, as this Court previously explained, it need not reach the rule of last resort. Instead, it relies on the rule of interpretation directing courts to read statutes in pari materia and to apply the more specific of two applicable statutes of limitation.

Further, the regulations implementing the CMWA have changed since Judge Moore issued his opinion in *Sobolewski*, and the changes support this Court's application of the two-year statute of limitations. In the version before Judge Moore, Section 15, titled "Filing of Complaints," provided:

> Any person may register with the division, a written complaint that alleges a violation of the Minimum Wage Order within two (2) years of said violation(s), except that all actions brought for a willful violation shall be commenced within three (3) years after the cause of action accrues and not after that time.

10

MWO #35. The private right of action arose under Section 18 so, as Judge Moore reasoned, the two-year statute of limitations for bringing an administrative claim under Section 15 did not apply to private actions brought under Section 18. *Sobolewski*, 342 F. Supp. 3d at 1188.

In 2020, CDLE DLSS issued COMPS Order #36. In its "Statement of Basis, Purpose, Specific Statutory Authority, and Findings," CDLE DLSS explained "Rule 8 consolidates Sections 13-16, 18-20, and 22 of Order #35 into one rule. Rule 8 makes non-substantive changes to headings and statutory references and corrects ungrammatical phrasing in Section 15 (Rule 8.2) of Order #35." CDLE DLSS, Statement of Basis, Purpose, Specific Statutory Authority, and Findings, COMPS Order #36 at 1–3 (January 22, 2020). Now, the consolidated Rule 8 provides:

> 8.1 Recovery of Wages.
>
> (A) Availability of court action or Division administrative complaint. An employee receiving less than the full wages or other compensation owed is entitled to recover in a civil action the unpaid balance of the full amount owed, together with reasonable attorney fees and court costs, notwithstanding any agreement to work for a lesser wage, pursuant to C.R.S. §§ 8-4-121, 8-6-118. Alternatively, an employee may elect to pursue a complaint through the Division's administrative procedure as described in the Colorado Wage Act, C.R.S. § 8-4-101, et seq.
>
> 8.2 Complaints. Any person may register with the Division a written complaint that alleges a violation of the COMPS Order within 2 years of the alleged violation(s), except that actions brought for a willful violation shall be commenced within 3 years.

The modified rule also added that a civil action pursuant to § 8-4-121,[7] whereas prior Section 18 only referred to private rights of action brought pursuant to § 8-6-118.[8]

These modifications, though still far from a model of clarity on the statute of limitations issue, evidence the CDLE DLSS's efforts to harmonize claims brought under either Article 4 or Article 6 of Title 8. The incorporation of § 8-4-121 in the COMPS Order means that § 8-4-122 applies to civil actions brought pursuant to the COMPS order. To hold otherwise would render § 8-4-122 a nullity whenever a wage claim is brought pursuant to a COMPS Order rather the CWCA—a result the courts have been instructed to avoid. *See Patterson*, 185 P.3d at 813. Applying a six-year statute of limitations to only some private rights of action under the COMPS Orders is illogical.

The Colorado Court of Appeals' language in *Pilmenstein v. Devereux Cleo Wallace,* 492 P.3d 1059 (Colo. App. 2021), *cert. denied*, 21 WL 4943164 (Colo. Oct. 18, 2021) does not compel a different conclusion. After applying § 8-4-122 to the plaintiff's CWCA claims, the court of appeals explained:

> In so deciding, we express no opinion as to which statute of limitations applies to private rights of action under the Minimum Wage Act. The parties' briefs do not address this issue. Unlike the Wage Claim Act, the Minimum Wage Act does not include a section addressing the "limitation of acts." And the limitation section of the MWOs expressly applies to the deadline for registering written complaints with the [CDLE DLSS]. Nothing in the MWOs addresses the limitations period applicable to private rights of action.

---

[7] Colo. Rev. Stat. § 8-4-121, which is part of the CWCA, provides: "Any agreement, written or oral, by any employee purporting to waive or to modify such employee's rights in violation of this article shall be void."

[8] Colo. Rev. Stat. § 8-6-118, which is part of the CMWA, provides: "An employee receiving less than the legal minimum wage applicable to such employee is entitled to recover in a civil action the unpaid balance of the full amount of such minimum wage, together with reasonable attorney fees and court costs, notwithstanding any agreement to work for a lesser wage."

*Id.* at 1066. At most, this simply notes the obvious: the CMWA does not contain its own statute of limitations and the MWOs and COMPS Orders do not expressly provide one.

But, for the reasons previously set forth, though no statute of limitations is expressly provided by the CMWA, MWOs, or COMPS Orders, the rules of statutory interpretation support the conclusion that the two- to three-year statute of limitations in § 8-4-122 applies and bars Mr. Tun-Hau and Mr. Cemé-Chán's claims for meal periods and overtime wages under the CWCA and 7 Colo. Code Regs. 1103-1.

## II. The Court lacks jurisdiction over Plaintiffs' claim for filing a fraudulent tax document under 26 U.S.C. § 7434

26 U.S.C. § 7434 provides: "If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a). Defendant argues that Plaintiffs' lack Article III standing to pursue their claim because they have not pled any concrete damages. The Court agrees.

Though not binding on this Court, the reasoning in *Queen v. Zefco Inc.*, No. 8:19-CV-2966-TMC, 2020 WL 9350977, at *1 (D.S.C. June 18, 2020), is persuasive. In *Queen*, the United States District Court for the District of South Carolina dismissed a suit brought pursuant to 26 U.S.C. § 7434 for filing false W2 information returns that underreported employee wages. There, as here, the defendants asserted that, absent actual damages, the only injury arising from the defendants' false information reports was suffered by the United States, not the plaintiff. The plaintiff argued that the statutory violation, by itself, constituted an injury in fact. Plaintiffs in this case also rely solely on the statutory violation to establish an injury in fact. They concede that they do not seek any actual damages, only the penalty provided by the statute. (Dkt. #1 at 11, ¶¶ 81–82.)

The *Queen* court squarely rejected the plaintiff's argument and found that violations of the statute, without accompanying actual damages, do not constitute an injury in fact sufficient to establish Article III standing. *Id.* at *5–6. The court explained: "a statutory violation constitutes a concrete harm only if the plaintiff 'shows the harm stemming from the 'defendant's statutory violation is the type of harm Congress sought to prevent when it enacted the statute.'" 2020 WL 9350977, at *5 (quoting *Baehr v. Creig Northrop Team, P.C.*, 953 F.3d 244, 253 (4th Cir. 2020)). Then, looking to the legislative history of § 7434, the court found that the statute "was designed specifically to afford a damages remedy for victims of . . . the filing of false information returns overstating a person's income." *Id.* at *5 (quoting *Liverett v. Torres Advanced Enter. Sols. LLC*, 192 F. Supp. 3d 648, 654 (E.D. Va. 2016) (internal quotations omitted)). The court supported this conclusion by noting that "prior to the enactment of § 7434 in July 1996, there were already numerous provisions in the IRC establishing both civil and criminal penalties for the underreporting of income and employers' failure to withhold income taxes." *Id.* at *6 (citing 26 U.S.C. §§ 6662, 6663, 6672, 7202, 7206, 7215). Thus, because filing fraudulent information returns underreporting an individual's income was not the harm Congress enacted § 7434 to prevent, a plaintiff relying solely on violation of this statute cannot show a concrete injury in fact and lacks standing to sue. *Id.* Such is the case here, so Plaintiffs' claim for violation of 26 U.S.C. § 7434 must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

In light of the foregoing, it is hereby ORDERED Defendant Zeng & Wong, Inc.'s Partial Motion to Dismiss all Claims Brought by Plaintiffs Enrique Tun-Hau and Victor

14

Cemé (Dkt. # 10) is GRANTED. Mr. Tun-Hau and Mr. Cemé-Chán's claims for unpaid overtime and denial of meal breaks (Counts II and III) are DISMISSED WITH PREJUDICE as time-barred. Plaintiffs' claim for violation of 26 U.S.C. § 7434 (Count V) is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.


Dated:     May 13, 2022
            Denver, Colorado

_____
N. Reid. Neureiter
United States Magistrate Judge